*The petition was disallowed.*

---

THE COUNTY COMMISSIONERS OF GREENE COUNTY, plaintiffs in error, *v.* SAMUEL SMITH *et al.*, defendants in error.

*Error to Greene.*

In an action upon the bond of a commissioner of school lands, where the suit was brought for the benefit of a particular township, the breach alleged in the first count of the declaration was, that the commissioner had not paid over to the trustees of the township, the sum of $2000, received by him for the sale of school lands: *Held,* that the breach was insufficient, and that the trustees had no authority to receive the money, it being the duty of the treasurer of the township to receive the same.

In the same case, the second breach assigned was, that the commissioner did not, during his official year, keep a list of the school lands sold by him, as commissioner, and the amount for which the said school lands were sold by him, nor the interest accruing from the said sales, as required by the eighth section of the act entitled *"An Act authorizing the sale of sections numbered sixteen, or such lands as may be granted in lieu thereof, to the inhabitants of such townships, for the use of schools,"* nor a return make at any regular term of the county commissioners' court, during his official year: *Held,* that the breach was insufficient, because it did not show that the inhabitants of the township for whose use the action was brought, had or could sustain any loss or injury by the alleged neglect or omission of duty.

In the same case, the third breach assigned was, that the said commissioner sold 5000 acres of land, being part of said township; that he did not, during the year 1835, while he was commissioner, keep a record of all sales of school lands made by him, as commissioner, describing the lands particularly, the price sold for, the time when sold, the purchasers' names; nor did he, during the said official year, make an entry in a well bound book, of all moneys by him received on sales of land made by him, as commissioner, although he did, during the years 1835 and 1836, receive a large amount of money, being the proceeds of said township, to wit, the sum of $2000; and that the money received by him, resulted from the sales of school lands in, and that belonged to, said township; which said debt aforesaid, the said defendants have never paid, nor either of them, to the plaintiffs: *Held,* that the plaintiffs could not recover upon this breach, because it was impossible that the said commissioner could sell 5000 acres of land in which the inhabitants of said township could be interested, and because the recovery must be limited to the rights of such inhabitants.

*Semble,* That if the commissioner had sold lands belonging to the inhabitants of said township, the breach should have alleged that the commissioner refused, upon request, to pay over the money to the treasurer of the township.

Where a township has been incorporated, the money arising from the sale of the sixteenth section is by law required to be paid to the treasurer.

Under a count upon the penal part of a school commissioner's bond, no recovery can be had, where there is no allegation that the condition of the bond has been broken.

*Semble*, That where a township has been incorporated under the "*Act to amend the several acts in relation to Common Schools*," passed March 4, 1837, and the school commissioner has failed to pay over the funds belonging to the township, to the treasurer, as required by that act, when demanded, a recovery could be had upon the allegation of the facts necessary to show the duty and the breach; or if the commissioner had received interest on the funds of the township, which ought to have been paid to teachers of schools, a recovery might be had for the amount of such interest, upon making the proper allegations in the declaration.

THIS cause was heard in the Court below, at the October term, 1840, before the Hon. Wm. Thomas. Judgment was rendered for the defendants, upon demurrer to the plaintiffs' declaration, and the cause brought to this Court by writ of error.

A. COWLES and J. M. KRUM, for the plaintiffs in error.

A. T. BLEDSOE, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the (old) Court:

The plaintiffs declare for the use of the inhabitants of township six [6], in range twelve [12], in Greene county, upon a bond executed by Smith, as school commissioner of that county, with the other defendants, as sureties. The penal part of the bond is in the usual form; and the bond is dated June 4th, 1835.

The condition is as follows, to wit: "The condition of the above obligation is such, that whereas, Samuel Smith hath been appointed commissioner of the school lands in said county of Greene, and having entered into bond and security on the 9th day of June, 1831, and the Court having suggested that additional security is desirable; now, should the said Samuel Smith well and truly perform all the duties required and enjoined on him, by law, as commissioner of school lands, and shall faithfully and fairly pay over all money which may come into his hands, by virtue of his said office, then this obligation to be void; otherwise to remain in full force and virtue." The declaration contains three counts. The first count alleges the following breaches of the condition of the bond: First. That the said Samuel Smith did not well and truly perform all the duties required and enjoined upon him by law as commissioner of school lands in the county of Greene, and did not then and there, to wit, at and after the said 4th day of June, 1835, at said county, faithfully and fairly pay over all moneys which came into his hands, then and there, by virtue of his said office, in this, that after making said bond, the said Smith, as commissioner of school lands, received, in virtue of his office, as principal and interest, resulting from the sale of school lands of the county of Greene, and part of said township six [6], during the

year of his office, under the liabilities and duties of the said bond, $2000; which said money the said Smith has not paid over to the trustees of the township, entitled to have and receive the same. Second. That the said Smith did not, during his official year, as commissioner as aforesaid, keep a list of the school lands sold by him as commissioner of school lands, and the amount for which the said school lands were sold by him, as commissioner; nor the interest accruing from the said sales, as required by the eighth section of the act, entitled "*An Act authorizing the sale of sections numbered sixteen, or such lands as may be granted in lieu thereof, to the inhabitants of such townships, for the use of Schools;*" nor a return make at any regular term of the county commissioners' court, during his official year, to wit, the year 1835, as comissioner of school lands, to the county commissioners' court of Greene county. Third. That the said commissioner of school lands, during the year 1835, after taking upon himself the duties of the said office, a large amount of the said school lands, lying in the county of Greene, sold, to wit, 5000 acres, being part of said township; that he did not, during the year 1835, while he was commissioner as aforesaid, keep a record of all sales of school lands made by him as commissioner, describing the lands particularly, the price sold for, the time when sold, the purchasers names; nor did the said Smith, during the said official year, make an entry in a well bound book, of all moneys by him received on sales of land, made by him, as commissioner, as aforesaid, according to the provisions of the tenth section of the act aforesaid, although the said Smith did, during the years 1835 and 1836, receive a large amount of money, being the proceeds of township six [6], to wit, the sum of $2000; and the plaintiffs allege that the money received by the said Smith, resulted from the sales of school lands in, and that belonged to, township six [6], in range twelve [12], in the county of Greene; which said debt aforesaid, the said defendants have never paid, nor either of them, to the plaintiffs, nor to the trustees of said township number six [6], or either of them.

The breaches alleged in the second count are substantially the same as those in the first. The third count is upon the penal part of the bond, and neither sets out the condition, nor alleges any breach of duty. To this declaration the defendants demurred, and the Court below sustained the demurrer; and the question is now presented, can the plaintiffs recover upon any one of the counts or breaches? By the act passed January 22, 1829, authorizing the sale of the sixteenth sections, the county commissioners courts of the several counties are required to appoint "some good, competent, and responsible person of the county, to act as commissioner and agent for the inhabitants of the county, who is required, before entering upon the duties of his office, to give bond and security in the sum of twelve thousand dollars, conditioned for the faithful performance of all the duties required, or which may there-

after be required, or enjoined upon him by law:" which bond is required to be drawn in the name of, and payable to the county commissioners of the county, or their successors in office, for the use of the inhabitants of the county, and of each and every congressional township therein, and which bond, it is declared, " when broken, may be prosecuted and sued upon, and judgment thereon rendered against the principal and securities, either jointly or severally, for the sum found due in any court having jurisdiction thereof, for the use of the inhabitants of any township to whom the same may of right belong." The third section of this act provides that " When it shall appear necessary for the better securing and managing the funds or moneys which shall come into the hands of any commissioner, so appointed, the commissioners' court may require additional security in the sum aforesaid, or any other sum they shall deem right." The seventh section of the "*Act providing for the security of the School Funds*," (1) passed February 12, 1835, provides, " That the county commissioners' courts of the several counties in this State, shall be authorized, when they deem it expedient, to require of their school commissioner, additional security for the money he may have received from the sales of school lands." The bond declared on appears to have been executed upon the requisition of the county commissioners' court, acting, no doubt, under one or both of these laws. In order to determine the question presented by the record, it will be necessary to examine the several provisions of the laws regulating and defining the duties of school commissioners. As the act of January 22, 1829, made the appointment of school commissioner, and the sale of the sixteenth sections depend upon the assent of Congress to such sales, no appointment could have been made, until after the passage of the amendatory act of February 15, 1831, and as the latter act refers to the former, and action under both became necessary at the same time, the two acts will be considered together. By reference to these acts, the duties of school commissioner, so far as they are necessary to be considered in deciding this cause, will be found to be,

*First*. To make sales of sections sixteen, when requested by three-fourths of the legal voters of the township;

*Second*. To loan the money arising from such sales, and take good security for the payment of the same;

*Third*. To " make to the county commissioners' court of his county, at any regular term thereof, a true statement or notice in writing of all the lands so from time to time sold, particularly describing the land, number of acres, section, township, and range; price per acre for which the same was sold, the time when sold, and the name and place of residence of the purchaser;"

*Fourth*. To make out and forward, by mail, every three months,

(1) Laws of 1835, 28; Gale's Stat. 639.

to the Auditor of Public Accounts, a similar statement and return to the one required to be made to the Court;

*Fifth.* To keep a separate account of the funds of each township, and make quarterly reports thereof to the commissioners' court.

The duties of the commissioner of school lands are further regulated by the act providing for the application of the interest of the fund arising from the sale of the sixteenth sections, (1) passed March 1, 1833, by which act he is required to apportion the interest accruing on township funds, among the teachers of the townships, annually, and pay to each teacher his proportion thereof; and by the " *Act to amend the several laws in relation to Common Schools,*" (2) passed March 4, 1837, school commissioners are required to pay over to the treasurers, the funds of such townships, as may become incorporated under the provisions of that act.

It is obvious, from this statement of the duties of school commissioners, that the plaintiffs cannot recover upon the first breach, because the trustees of the township for whose use this action is brought, upon the facts assumed in the breach, have no right to the money alleged to have been received by the commissioner.

It is equally obvious, that no recovery can be had upon the second breach assigned, because it does not appear that the inhabitants of the township, for whose use the action is brought, have or can sustain any loss or injury, from the alleged neglect or omission of duty. To show that township six was injured, there should have been an allegation, that the commissioner had neglected to keep a list of school lands sold by him belonging to that township; and that he had neglected to perform the other duties directed by the eighth section of the act referred to in this breach, in relation to said township. The breach is, that he neglected his duty in general, but for anything that appears in the breach, he may have performed every duty that township six was interested in.

The objections to a recovery upon the third breach, are; first, it is impossible that the commissioner could have sold 5000 acres of land in which the inhabitants of township six are interested; secondly, a recovery in this case must be limited to the rights of the inhabitants for whose use the action is brought. The trustees of township six are not entitled to the sum of $2000 mentioned in this breach. If the township has been incorporated, the money arising from the sale of the sixteenth section, is by law required to be paid to the treasurer. The breach consequently is insufficient, in not alleging that the commissioner, upon request, had refused to pay over the money to the treasurer of the township.

The objections to a recovery upon the second count, are the same in character, and stand upon the same reasons as those which apply to the first.

(1) R. L. 562; Gale's Stat. 631.     (2) Laws of 1837, 315; Gale's Stat. 641.

No recovery can be had on the third count, because there is no allegation that the condition of the bond has been broken. The statute gives no right of action until the condition of the bond has been broken, and consequently a breach must be shown.

If the township had been incorporated under the provisions of the "*Act to amend the several laws in relation to Common Schools*," passed March 4, 1837, and the school commissioner had failed to pay over the funds belonging to the township, to the treasurer, as required by that act, when demanded, a recovery could be had upon the allegation of the facts necessary to show the duty and the breach; or, if the commissioner had received interest on the funds of the township, which ought to have been paid to teachers of schools, a recovery might be had for the amount of such interest, upon making the proper allegations in the declaration. If the commissioner had resigned, or been removed from office, and had failed to pay over the funds in his hands, to his successor, an action could be maintained on the bond; but the declaration in this case does not contain any allegation upon which a recovery can be had upon any of these grounds.

The judgment below is consequently affirmed with costs.

*Judgment affirmed.*